IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10881
Summary Calendar
_____

WILLIAM JACK TONEY,

                                        Plaintiff-Appellant,

versus

DOUG SHOPMEYER; FAITH JOHNSON; SCOTT HAID;
COUNTY OF DALLAS; PITTMAN, Doctor; BOWERS,
Doctor; JIM BOWLES, Sheriff of Dallas County;
MURRAY, Officer; CITY OF IRVING,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-2058-P
- - - - - - - - - -
May 25, 1998

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

William Jack Toney, Texas prisoner # 728919, proceeding pro

se and in forma pauperis (IFP), appeals the district court's

dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), of his 42 U.S.C.

§ 1983 complaint against court-appointed attorney Doug Shopmeyer;

State Court Judge Faith Johnson; Dallas County; Doctors Pittman

and Bowers; Sheriff John Bowles; police officers Mitchell,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Murray, and John Doe; the State of Texas; and the City of Irving, Texas. Toney alleges that the district court applied the standard for convicted prisoners, rather than that for pretrial detainees, in evaluating his claims of inadequate medical care and improper conditions of confinement. The district court properly evaluated Toney's allegations of improper treatment as a pretrial detainee. Hare v. City of Corinth, 74 F.3d 633, 639, 643 (5th Cir. 1996)(en banc).

Toney alleges that the district court erred in dismissing his claims that the defendants (1) denied him adequate medical treatment and subjected him to unconstitutional conditions of confinement; (2) subjected him to false arrest, illegal search and seizure, self-incrimination, malicious prosecution, an illegal sentence, denial of due process, and improper probation revocation; (3) subjected him to involuntary servitude; (4) denied him access to the courts; (5) subjected him to excessive force; (6) retaliated against him for exercising his constitutional rights; (7) conspired to, and retaliated against him, without affording him due process by transferring him to the psychiatric unit; and (8) subjected him to mental injury. Toney also alleged that the district court erred in determining that Judge Johnson was entitled to judicial immunity against Toney's claims. We have reviewed the record and Toney's brief and affirm the district court's decision for essentially the reasons adopted by the district court. See Toney v. Shopmeyer, No. 3-96-CV-2058-

P (N.D. Tex. July 28, 1997). Although he was afforded ample opportunity to state his claim for violation of his constitutional rights with respect to his arrest on marijuana charges, Toney has made only conclusional allegations, which are insufficient to state a constitutional violation. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986)(pro se plaintiff must plead specific facts).

By failing to address sufficiently the district court's reasons for dismissing his complaint against the State of Texas, Toney has abandoned any challenge to that dismissal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify error in the district court's analysis, it is as if the appellant had not appealed that judgment). Toney abandoned his claims against Defendant Scott Haid in the district court, and he has not asserted them in this court. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)(amended complaint supersedes original complaint); see Brinkmann, 813 F.2d at 748 (issues not asserted on appeal are abandoned).

Toney contends that the district court erred by failing to consider his state law claims. A district court may decline to exercise supplemental jurisdiction over state-law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion in determining whether to retain supplemental

jurisdiction over a state claim once all federal claims are dismissed." Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993).

Toney contends that the district court abused its discretion by denying his motion for an injunction. Toney has not made the required showing of irreparable harm and a likelihood of success on the merits. The district court did not err in denying the motion. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

Toney provides no support for his contentions that the district court did not construe his complaint liberally, that the district court should have ordered service on the defendants, that his case should not have been directed to the magistrate judge, and that the magistrate judge should have recused himself. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993)(pro se briefs are afforded a liberal construction but arguments must be briefed in order to be considered). Finally, Toney contends that the district court should have conducted a Spears[**] hearing prior to dismissing his complaint. Toney was given an opportunity to plead his best case. See Jacquez, 801 F.2d at 793. He has not shown that a hearing was required.

The district court did not err in dismissing Toney's civil rights complaint. The judgment of the district court is AFFIRMED.

---

[**]  Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).